UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEONARD WARE,

    Plaintiff,                                      Case No.

v.

MAINSTREAM IP SOLUTIONS, INC.,
MCS OF TAMPA, INC. and
STEVEN BROWN, individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, LEONARD WARE, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendants, MAINSTREAM IP SOLUTIONS, INC., (hereinafter referred to as "MIPS"), MCS OF TAMPA, INC., (hereinafter referred to as "MCS"), STEVEN BROWN, individually (hereinafter referred to as "BROWN") collectively known as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3. At all times material herein, Plaintiff was and is a resident of Pasco County, Florida.

1

4. At all times material herein, Defendant MIPS was and is a Florida for profit corporation, authorized and doing business in this judicial district.

5. At all times material herein, Defendant MCS was and is a Florida for profit corporation, authorized and doing business in this judicial district.

6. At all times material herein, Defendant BROWN is the CEO of Mainstream IP Solutions, Inc. As CEO he had significant ownership interest in Defendant MIPS, exercised day to day control of operations and was involved in the supervision and payment of employees.

7. At all times material herein, Plaintiff is an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants are Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

8. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A).

9. Defendants are joint employers and/or a common or integrated enterprise.

## GENERAL ALLEGATIONS

10. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

11. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

12. Plaintiff requests a jury trial for all issues so triable.

## FACTS

13. Plaintiff began his employment with MCS in September 2019, in the position of Low Voltage Site Manager.

14. On October 8, 2019, Plaintiff was hired by Defendant, MIPS as a "Project Based,

Low Voltage Site Manager".

15. Plaintiff was paid on an hourly rate basis.

16. Plaintiff regularly and routinely worked over forty (40) hours in a work week.

17. Plaintiff was not paid time and a one-half his regular hourly rate for each and every hour that he worked in excess of forty (40) hours in a work week for all weeks that he worked.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

18. Plaintiff re-alleges and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

19. At all times material, Defendants, failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of forty (40) hours per work week, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half for the hours in excess of forty (40) that were worked each week.

20. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

21. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff prays for the following damages against Defendants.:

    a. Overtime compensation

    b. Liquidated damages;

    c. Prejudgment interest;

    d. Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim.

   e.  Equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy; and

   f.  Such other relief as the court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT AS TO DEFENDANT MCS

22. Plaintiff re-alleges and adopt, as if fully set forth herein, the allegations stated in Paragraphs one (1) through seventeen (17).

23. That on or about September 9, 2019, the parties entered into an Employment Agreement (Attached as Exhibit A) prepared by a representative of the Defendant, MCS.

24. Plaintiff performed all of the conditions and obligations under the Agreement.

25. The Defendant, MCS, failed in their contractual duties to perform its obligations under the Agreement. Specifically, the contract required payment to Plaintiff on a purported salary basis in the amount of Sixty-Six Thousand Dollars ($66,000.00) annually. Defendant, MCS, failed to pay both the required commensurate weekly salary or the commensurate daily salary rate when Plaintiff worked partial days, which he regularly and routinely did.

26. The actions of Defendant, MCS, constitutes a breach of the Employment Agreement and/or contract between the parties.

27. As a direct and proximate result of the Defendants' breach of the agreement, the Plaintiff has sustained damages, including but not limited to the loss of wages, benefits and entitlements under the agreement and consequential damages.

28. As a result of the breach of the Employment Agreement by Defendant, MCS, Plaintiff, has retained the undersigned counsel and is obligated to pay them costs and attorneys' fees.

29.  Plaintiff is entitled to fees and costs pursuant to Florida Statutes Chapter 448.08.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendant, MCS, for back pay, unpaid wages, commissions, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 27th day of April 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff